IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| MICHAEL SCOTT SNEDEKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | NO. 2:06-00022 |
| ) | JUDGE HAYNES |
| FEDERAL MOGUL FRICTION and/or ) | |
| FEDERAL MOGUL FAP, INC., and ) | |
| FEDERAL MOGUL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Michael Scott Snedeker, a Tennessee citizen, originally filed this action in the Circuit Court of DeKalb County against the Defendants: Federal Mogul Friction and/or Federal Mogul FAP, Inc., and Federal Mogul Corporation ("The Federal Mogul Defendants"). Plaintiff asserts claims for retaliatory discharge, invasion of privacy and slander based on allegedly false statements by Federal-Mogul personnel to the Tennessee Department of Labor. The Defendant Federal-Mogul Products, Inc, a Missouri corporation removed this action to this Court under the federal diversity statute, 28 U.S.C. § 1332, without objection.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 4) contending, in essence that based upon allegations in Plaintiff's complaint, under Tennessee law, any statements by its agent(s) are absolutely privileged as statements in contemplation of litigation or an administrative proceeding. The Defendants also argue that Plaintiff's complaint insufficiently describes the particulars of the alleged false statements.

In his response, Plaintiff argues that his complaint is sufficient under the notice pleading standard of Fed. R. Civ. P. 8 and the issue of privilege must be decided on a factual record.

## A. Analysis of the Complaint

According to his complaint, Plaintiff alleges that a Federal-Mogul representative informed the Tennessee Department of Labor that Plaintiff was misrepresenting the nature and extent of his alleged work-related injury. (Docket Entry No. 1, Notice of Removal Attachment thereto, Complaint at ¶¶ 7, 13). The pertinent and specific allegations on the complaint are as follows:

> 7. Defendant reported to the Tennessee Department of Labor that the plaintiff was misrepresenting his injury. Defendant conveyed information regarding plaintiffs' injury to his back to the Department of Labor in a false misleading manner.
>
> 8. Defendants' act of falsely presenting plaintiff and his activities to the Department of Labor was done in a misleading manner such as would be offensive and objections to a reasonable and prudent person.
>
> 9. On or about February 7, 2005, the plaintiff was terminated by the defendant. As to pretext, the defendant represented to the plaintiff and to personnel at the Tennessee Department of Labor Workers' Compensation Division that plaintiff was terminated because he did not follow a minor work procedure and suffered from "emotional problems." This was when plaintiff discovered defendant's misrepresentations.

Id. at ¶ 7 through 9.

## B. Conclusions of Law

In this diversity action, the District Court must apply the law of the forum. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). In addition, the conflict law of the forum determines which state's substantive law shall apply. Klaxton Co. v. Stentor Electric Mfg., 313 U.S. 487 (1941). Under Tennessee law, for tort claims, Tennessee had adopted the "most significant relationship" test. Hathaway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). Here, the parties argue and the Court agrees that Tennessee law is the controlling law in this action.

2

Upon consideration of any motion to dismiss, a District Court is to "treat all of the well-pleaded allegations of the complaint as true." Miree v. De Kalb County, Ga., 433 U.S. 25, 27 n.2 (1977). In addition, "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Moreover, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

From the Court's review of the parties' papers, since the enactment of the Tennessee Rules of Civil Procedure, Tennessee courts apply the notice pleading standard of whether the Plaintiff's complaint contains a sufficient "short and plain statement of the grounds" for his state law claims. See Simmons v. Gath Baptist Church, 109 S.W.3d 370, 373 (Tenn. Ct. App. 2003). While more particular allegations would be desirable, Plaintiff's factual allegations that focus on the site of his injury and the statement's about his emotional heath as well as identifying the entity to whom the statements were made, are sufficient to satisfy the notice pleading standard.

The Tennessee Supreme Court has held that statements in the course of judicial proceedings, that are also relevant and pertinent to the issues in the proceeding, are absolutely privileged and cannot be the bases for a state law defamation action. Jones v. Trice, 210 Tenn. 535, 360 S.W.2d 52 (Tenn. 1961) ("statements by a judge, witness, counsel, or party to be absolutely privileged, must meet two conditions, viz: (1) It must be in the course of a judicial proceeding, and (2) it must be pertinent to relevant to the issue involved in said judicial proceedings."). According to state courts, the concept of judicial privilege "is to be liberally construed so as to insure unfettered access to the judicial process." Tabor v Eakin, 1999 Tenn. App. LEXIS 328, *7 (Tenn. Ct. App. 1999).

Prior to and since Jones, Tennessee decisions have found the privilege to exist for statements

3

in other contexts. In Tabor, the Tennessee Court of Appeals extended Jones to apply the privilege rule to statements in an state administrative or "quasi-judicial proceeding." Id. at 9. (Ruling that the privilege attaches to statements to a state licensing agency noting the Tennessee Supreme Court's "willingness to extend the doctrine [of absolute privilege] to communications preliminary to proposed or pending litigation"); accord Independent Life Ins. Co. V. Rodgers, 55 S.W.2d 767, 770 (Tenn. Ct. App. 1933)( witness's letter to state insurance commissioner on charges against a licensed agent held to be privileged.). In Myers v. Pickering Firm, 959 S.W.2d 152, 161 (Tenn. Ct. App. 1997), the Tennessee Court of Appeals held as privileged a consultant's report that was prepared as a expert for a party, as preliminary matter to a judicial proceeding and that was pertinent and relevant to pending litigation.

Tennessee also recognizes a conditional privilege for a person's statements that are made where the speaker has a cognizable interest or is under a legal duty to speak, but good faith is required. Trotter v. Grand Lodge F. & A. M. of Tennessee, 2006 Tenn. App. Lexis 155 *18-21(Tenn. Ct. App. March 6, 2006).

To consider whether the absolute privilege applies to Plaintiff's claims requires consideration of the purposes served by this privilege, the relevant Tennessee precedents and the specific factual context in which the privilege is decided. In Jones, the Tennessee Supreme Court described the purpose and justification of this absolute privilege:

> Underlying this general doctrine of absolute immunity from liability in libel and slander for statements made in the course of a judicial proceeding is a policy decision by the courts that access to the judicial process, freedom to institute an action, or defend, or participate therein without fear of the burden of being sued for defamation is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of an individual to a legal remedy where he has been wronged thereby.

4

* * *

> 'The fact that the case of hardship may arise, and persons who would have been defamed in the course of judicial proceedings may be left remediless, is no reason why a wholesome legal principle, founded upon reasons of public policy, should be overthrown. A multitude of instances might be cited where the rights of the individual are required to be sacrificed for the public good.'

> 'The proceedings connected with the judicature of the country are so important to the public good, that the law holds that nothing which may be therein said with probable cause, whether with or without malice, can be slander; and, in like manner, that nothing written with probable cause, under the sanction of such occasion, can be a libel. 'The pertinency of the matter to the occasion is that which is meant by probable cause * * * * *.'

360 S.W.2d at 51, 52. (quoting Crockett v. McClanahan, 109 Tenn. 517, 530, 72 S.W. 950, 953 (1902) and Lea v. White, 36 Tenn. 111, 114 (1856).

As to the factual contexts in which this privilege was held to apply, Jones involved an alleged false statement in an affidavit attached to a related motion for a new trial in a criminal case. 360 S.W.2d at 49-50. Eakin addressed a written complaint to a state licensing board, 1999 WL 330318 *2. In Pesgranges v. Myer, 2004 WL 10566030 *1 (Tenn. Ct. App. 2004) the Defendant's statement in a notice of a lien that is required by law to file a legal action, was held to be privileged. In Myers, the consultant's report was for a defendant and the consultant "was hired as an expert in anticipation fo the Chancery Court litigation and the report was issued in furtherance of that proceeding." 959 S.W.2d at 155. The Court notes that Myers was decided based upon a trial record. Id. Eakin was decided on a motion for summary judgment. 1999 WL 330318 *4. In Trotter, the Court reversed an award of summary judgment on a conditional privilege defense and required a trial on the conditional privilege. 2006 Tenn. App. Lexis 155 * 21.

5

Here, based upon the allegations in the complaint and construing the complaint in a light most favorable to the Plaintiff, as required on this type of motion, the Court deems the complaint sufficient to state a claim and to overcome this assertion of a privilege. The precise factual context, sequence and timing of the Defendants' agent(s)' alleged statements is unclear, such as whether the statements were in a formal charge or were informally made before Plaintiff filed his administrative claim for worker compensation benefits. If these alleged statements to the decision-maker were ex parte, such ex parte remarks would not serve the judicial or administrative process. If these statements were made after Plaintiff filed his administrative claim, another issue is whether the statements were made in the Defendants' formal response or were ex parte. Depending on the factual context of the disputed statements, the privilege may attach. At this stage, the Court cannot decide this privilege issue on the bases of the complaint alone.

Accordingly, the Defendants' motion to dismiss (Docket Entry No. 4) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 14th day of June, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge

6